IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TODD O. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:20-CV-345 (MTT) |
| | ) | |
| CLINTON PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the respondent's motion to dismiss (Doc. 10) and dismissing as untimely Petitioner Todd O. Jones's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 16. The petitioner has objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed de novo the portions of the Recommendation to which the petitioner objects.

In his objection, the petitioner argues that although his petition is untimely, he is entitled to equitable tolling. Doc. 19 at 5. The petitioner blames his appellate counsel for advising him that a state habeas petition was his only option and not advising him that he could seek further review of his conviction by other means. The petitioner stated that because of this advice, he did not timely file a federal habeas action and instead focused his efforts on filing a state habeas petition. *Id*. at 5-8. The petitioner also argues that his attorney dishonestly stated he would seek further review of the petitioner's conviction by filing a motion for reconsideration in the Georgia Supreme Court and a petition for a writ of certiorari in the United States Supreme Court. *Id.* at 3-5

Equitable tolling is "an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't. of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).  The burden to show that equitable tolling applies "'rests solely on the petitioner' who cannot rely on 'mere conclusory allegations,' which 'are insufficient to raise the issue of equitable tolling.'" *Robinson v. State Attorney for Fla.*, 808 F. App'x 894, 898 (11th Cir. 2020) (quoting *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011)). A habeas petitioner is entitled to "equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted).  Both elements must be independently satisfied for equitable tolling to apply.  *Cadet,* 853 F.3d at 1225.

The Eleventh Circuit has narrowly defined what constitutes "extraordinary circumstances" and held that negligence by an attorney, such as missing a filing deadline, is not extraordinary.  *Id.* at 1236.  Rather, more is required for equitable tolling to apply, such as abandonment by counsel, "bad faith, dishonesty, divided loyalty, [or] an attorney's mental impairment." *Brown v. Sec'y, Dept. of Corr.*, 750 F. App'x 915, 929 (11th Cir. 2018); *id*.

1. **Extraordinary Circumstances**

Although he alleges that his appellate counsel abandoned him, the petitioner does not allege that his appellate counsel was ever tasked with filing either a state or federal habeas action.  Doc. 19 at 5-6.  Instead, the petitioner filed a state habeas petition pro se and listed the allegedly attorney lawyer as the attorney who was

appointed to him for his direct appeal.  Doc. 11-2 at 3, 11.  Accordingly, his argument that his attorney abandoned him is without merit.

The petitioner may mean that his appellate counsel abandoned him by saying he would seek further review of the petitioner's conviction through a motion for reconsideration and a petition for a writ of certiorari but never doing so.  Doc. 19 at 3.  However, unlike other cases where extraordinary circumstances were established because of attorney misrepresentations, the petitioner has not alleged that he did anything to ensure these motions were filed.  For example, in *Roper v. Department of Corrections*, the petitioner and his family members were falsely reassured multiple times that the petitioner's attorney had filed a motion tolling the limitations period for a federal habeas petition.  434 F. App'x 786, 789 (11th Cir. 2011).  Similarly, in *Downs v. McNeil*, the petitioner often reminded his attorneys of deadlines to no avail by "sending regular letters to counsel, participating in periodic meetings, and requesting confirmation that his state and federal motions were being drafted and filed in a timely manner."  520 F.3d 1311, 1324 (11th Cir. 2008).  Here, however, the petitioner has not alleged he did anything to ensure his attorney was seeking further review of his conviction.

The petitioner also argues his former attorney's erroneous advice—that a state habeas petition was his only available option—constitutes extraordinary circumstances.  This argument is also without merit.  The Eleventh Circuit has repeatedly held that negligence by an attorney, such as miscalculation of a limitations period, does not constitute extraordinary circumstances in an equitable tolling analysis.  *Sandvik v. United* States, 177 F.3d 1269, 1271 (11th Cir. 1999) (attorney's reliance on standard mail resulted in a habeas petition being dismissed as untimely because it was filed one

day late); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (attorney miscalculated limitations period, resulting in untimely petition); *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001) (attorney's erroneous advice to client resulted in untimely petition).  It follows that negligence from an attorney who, unlike the attorneys in *Sandvik* and *Steed*, was not retained or appointed specifically to file a habeas motion does not constitute extraordinary circumstances for the purposes of equitable tolling.

Therefore, accepting his allegations as true, the petitioner has failed to establish that extraordinary circumstances prevented him from filing a timely habeas petition.

### 2. Diligence

Even if the petitioner had established that extraordinary circumstances were present, he nonetheless has failed to establish that he diligently pursued his rights.  A petitioner must show "not only 'extraordinary circumstances,' but also circumstances that are beyond the petitioner's control and unavoidable even with diligence." *Roper,* 434 F. App'x at 791 n.5 (quoting *Downs*, 520 F.3d at 1323).  To establish diligence, the petitioner must "present evidence showing reasonable efforts to timely file his action." *Dodd v. United* States, 365 F.3d 1273, 1282 (11th Cir. 2004).  Further, all litigants— included pro se litigants—"are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (2007).  Ignorance or confusion about the law does not excuse the failure to timely file a habeas petition. *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013); *Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. May 7, 2005).

The petitioner has not alleged that he attempted to timely file his action.  Rather, he merely concludes that "the record will show that he has been using due diligence to

seek justice." Doc. 19 at 8.  However, a diligence analysis for the purposes of equitable tolling examines the period before the limitations period expired; the level of diligence after the habeas petition is filed is irrelevant.  *Dodd*, 365 F.3d at 1282-83; *Gonzales v. United States*, 2012 WL 6045907, at *6 (N.D. Ga. Dec. 5, 2012).  The petitioner has not alleged any specific actions he took to ensure his federal habeas action was timely filed, and generally asserting that "the record will show" he was diligent is insufficient to carry his burden of establishing the extraordinary remedy of equitable tolling is appropriate.  See *Chavez v. Sec'y., Fla. Dept. of Corr.*, 647 F.3d 1057, 1072-73 (11th Cir. 2011); *San Martin*, 633 F.3d at 1268.  Accordingly, the petitioner has not established that he was diligently pursuing his rights.

In conclusion, the petitioner has failed to allege specific facts that, if true, would warrant relief.  The petitioner's allegations about his former attorney's actions fail to establish that extraordinary circumstances prevented him from timely filing his petition.  And even if he had established extraordinary circumstances, any alleged misconceptions, mistakes, or deceit could easily have been overcome and remedied by even the lowest level of diligence by the petitioner.  *See Smith v. Chatman*, 2014 WL, 1247790, *4-5 (S.D. Ga. Mar. 25, 2014) (petitioner's lack of knowledge about federal habeas limitations period was avoidable with diligence, despite former attorney failing to inform him about his post-conviction options).  Accordingly, the petitioner has not established that equitable tolling applies.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 16) is **ADOPTED** and made the order of the Court.  Accordingly, the petitioner's motion to stay

(Doc. 13) is **DENIED**, the respondent's motion to dismiss (Doc. 10) is **GRANTED,** and the petitioner's action is **DISMISSED with prejudice**.

Additionally, because the petitioner has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," a certificate of appealability is **DENIED**, and any motion to proceed *in forma pauperis* is **DENIED**.

**SO ORDERED**, this 23rd day of March, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
